Upshur, J.
delivered the opinion of the court.—As to the first question adjourned, we are unanimously of opinion that it should be answered in the affirmative. The practice throughout the commonwealth for a long series of years, hitherto without a serious doubt of its correctness, ought to be considered as settling the law in that respect. And even if it were a case of first impression, we see no reason to doubt that the power in question belongs to and may rightfully be exercised by the court, as necessary to the proper administration of the criminal laws.
As to the questions adjourned under the second head, the court, without deciding on the propriety of allowing the defendant to plead and demur at the same time, is of opinion that the information is good, and that the *684 demurrers thereto should be overruled. In this opini°n> however, two of the judges do not concur. '
The entry in the general court was as follows :
“ This court is of opinion and doth decide, 1. That a circuit court has the right and power, on the trial of an indictment for felony, to compel a venireman, or other person called from the bystanders to serve as a juror on the trial thereof, to be sworn on his voir dire, and to answer proper questions touching his fitness as a juror in the particular case. 2. That the information in this case is good, and that the demurrers thereto ought to be overruled.”

The statute 1 Rev. Code, ch. 148. § 1. p. 571. enacts, that “if any person, either hy the subornation, unlawful procurement or sinister persuasion of another, or by his own voluntary act, consent or agreement, shall wilfully, corruptly and falsely swear, or in solemn manner affirm, to any material matter, before any court within this commonwealth, or before any justice of the peace, or before any commissioner or commissioners appointed to take any deposition or depositions, or before any person or persons whatsoever authorized by law to administer an oath; and, at the time when such false oath or affirmation is taken, the court or justice, or commissioner or commissioners, or other person or persons, before whom it is taken, be acting under the authority of law, upon the subject matter to which such false oath or affirmation relates; such person so offending shall be deemed guilty of perjury.”
As to the sufficiency of the information in the foregoing case, see 1 Hawk. P. C. by Curwood, book 1, ch. 27. § 18. 26. pp. 438. 442.